**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WASIM,<br>by and through his NEXT FRIEND<br>QAYED,<br><br>      Petitioners,<br><br>      vs.<br><br>GEORGE W. BUSH,<br>DONALD RUMSFELD, REAR ADM.<br>HARRY B. HARRIS, JR.,<br>ARMY COL. WADE F. DAVIS,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:06-cv-1675 (RBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S REPLY IN SUPPORT OF
HIS MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Petitioner Wasim respectfully submits this reply to Respondents' Opposition to Motion for Entry of Protective Order ("Opp.").

Respondents do not deny that Mr. Wasim is entitled to communicate with his lawyers. Instead, Respondents argue that this Court lacks jurisdiction to enter the requested Protective Order under both the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X., 119 Stat. 2680 ("DTA"), and the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"). Other judges in this District have rejected Respondents' argument, and entered the same Protective Order Mr. Wasim seeks here. The jurisdictional effects, if any, of the DTA and MCA are currently under review by the Court of Appeals for the District of Columbia, but whatever the Court of Appeals decides will not alter Petitioner Wasim's need for access to a lawyer to advise him on the many issues arising from his confinement.

- 2 -

Respondents' primary argument in opposition to the motion is that this Court lacks jurisdiction to enter the Protective Order under the DTA and MCA. Respondents contend that the DTA and MCA vests the United States Court of Appeals for the District of Columbia Circuit with exclusive jurisdiction over appeals by prisoners from rulings of the administrative tribunals. Opp. at 4-5.

As stated in Petitioner's Motion, Your Honor has previously granted prisoners' motions for the entry of a protective order after the DTA was enacted on December 30, 2005. *See, e.g, Al-Khalaqi v. Bush, et al.*, No. 05-CV-00999 (RBW), order entered on June 15, 2006; *Nasrullah v. Bush, et al.*, No. 05-CV-00891 (RBW), order entered on June 12, 2006. In *Nasrullah*, for example, Your Honor stated, that despite the pending appeals in the Court of Appeals, the Court was "not persuaded that granting a protective order enabling the petitioner to have access to counsel would in any way intrude or infringe upon the Court of Appeals' exclusive jurisdiction (if indeed the Court of Appeals determines that it does possess exclusive jurisdiction over this and other similarly situated cases)." *Nasrullah*, No. 05-CV-00891 (RBW), order entered June 12, 2006 at 2.

The requested Protective Order also has been entered by other judges in this District in dozens of cases subsequent to the DTA's enactment. *See* Ex. A (listing over 40 cases in which protective orders have been entered after the DTA's enactment).

Respondents attempt to distinguish Mr. Wasim's case by arguing that it was filed after the enactment of the DTA. On November 17, 2006, in *Khan v. Bush, et al.*, 06-cv-01690 (RBW), Your Honor denied without prejudice a motion for a protective order in a case that was filed after the DTA's enactment. *Khan*, 06-cv-01690, Nov. 17, 2006 order

- 3 -

at 4.  However, the Protective Order Mr. Wasim requests has been entered in a number of cases that, like this one, were filed after the DTA was enacted, namely:

- *Moosa v. Bush, et al.*, 06-cv-01686 (CKK), order entered on October 4, 2006 (case filed on September 29, 2006);

- *Lal v. Bush, et al.*, 06-cv-01763 (CKK), order entered on October 29, 2006 (case filed on October 16, 2006);

- *Saleh v. Bush, et al.*, 06-cv-01765 (HHK), order entered on November 17, 2006) (case filed on October 16, 2006);

- *Hentif v. Bush, et al*, 06-cv-01766 (HHK), order entered on November 21, 2006 (case filed on October 16, 2006).

The *Lal* and *Moosa* cases acknowledged the pending appeals in the Court of Appeals.  In those cases, however, the Court held that while "awaiting a relevant ruling from the United States Court of Appeals for the District of Columbia Circuit, this Court will stay the present case, and shall apply the amended protective order issued by Judge Joyce Hens Green. . . ."  *Lal*, 06-cv-01763 (CKK), Oct. 29, 2006 order at 1; *Moosa*, 06-cv-01686 (CKK), Oct. 4, 2006 order at 1.

As Judge Roberts explained in *Feghoul v. Bush, et al.*, 06-cv-00618 (RWR) when entering the Protective Order after the DTA was enacted:

> Whether this Court or another has jurisdiction to determine the legality of petitioner's detention, and what the exact nature and scope of the proceedings by the court with jurisdiction should be, are legal questions that have not yet been resolved by the D.C. Circuit and will not be resolved here.  Despite the lack of finality, it is hardly sensible to withhold or frustrate something that no one doubts is petitioner's right -- a meaningful communication with counsel regarding the factual basis of the petitioner's detention.

*Feghoul,* 06-cv-00618, order entered October 31, 2006 at 2-3; *see also Al Salami v. Bush*, 05-cv-02452 (PLF), order entered April 13, 2006 at 1 ("Detainees' right to meet with

counsel under the Protective Order is independent of the (still-unresolved) question of the Court's jurisdiction to rule on their *habeas* petitions.")

Moreover, as Your Honor recognized in *Nasrullah* and other judges have recognized, entering the Protective Order does not infringe on the Court of Appeals' jurisdiction. For example, Magistrate Judge Kay rejected the government's argument that issues related to counsel's access to detainees should be deferred until the Court of Appeals rules, stating:

> As an initial matter, the Court respectfully declines Respondents' invitation to defer ruling on Adem's motion pending resolution of the jurisdictional and retroactivity questions raised by the Detainee Treatment Act of 2005 . . . . The issues raised by Adem's motion seeking access to counsel pursuant to the Amended Protective Order do not implicate any of the jurisdictional questions currently pending in the D.C. Circuit and Supreme Court . . . . "[A] protective order, like any ongoing injunction, is always subject to the inherent power of the district court."

*See Adem v. Bush, et al.*, 05-cv-00723 (RWR) (AK), order entered March 21, 2006 at 21.

In the motion, we explained that Mr. Wasim requires entry of the Protective Order in order to take advantage of his right to counsel. Pet. Mot. at ¶ 6. The Respondents do not dispute that Mr. Wasim is entitled to communicate with counsel and assert that they do not "intend[] to thwart altogether counsel access to petitioners." Opp. at 8. But that is precisely the result that will follow if Your Honor does not enter the Protective Order. Mr. Wasim has no case pending in the Court of Appeals. He needs Your Honor's assistance. He is in need of a lawyer now, and will continue to need a lawyer for the foreseeable future, without regard to potential review in the Court of Appeals.

Judge Kessler stated in a recent order:

The longer [the] appellate proceedings drag on, the more problematic it becomes as to whether a stay serves the interest of justice. It is often said

- 4 -

that "justice delayed is justice denied." Nothing could be closer to the truth with reference to the Guantanamo Bay cases.

*Razak, et al., v. Bush, et al.*, 05-cv-01601 (GK), order entered on December 1, 2006 at 3.

Form ought not to be elevated above substance when basic rights are at stake. The interests of justice will best be served if Your Honor enters the Protective Order and allows the undersigned lawyers to visit Mr. Wasim at Guantánamo Bay.

          Respectfully submitted,

          /s/ Thomas P. Sullivan
          Thomas P. Sullivan
          One of the Attorneys for Petitioner
              Illinois Bar No. 2773112

          Douglas A. Sondgeroth
              Illinois Bar No. 6278486

          JENNER & BLOCK LLP
          330 N. Wabash Avenue
          Chicago, IL 60611
          Tel.: (312) 222-9350
          Fax.: (312) 527-0484
          Email: tsullivan@jenner.com

          Of Counsel
          Barbara Olshansky
          Center for Constitutional Rights
          666 Broadway, 7th Floor
          New York, NY 10012
          Tel: (212) 614-6439
          Fax: (212) 614-6499

Dated: December 4, 2006

- 1 -

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing documents to be served by first-class United States Mail and via email this 4th day of December, 2006, on the following persons:

>Terry Marcus Henry
>Andrew Warden
>Preeya Noronha
>U.S. Department of Justice, Civil Division
>20 Massachusetts Avenue, N.W.
>Washington, D.C. 20530
>Email: terry.henry@usdoj.gov
>Email: andrew.warden@usdoj.gov
>Email: preeya.noronha@usdoj.gov

>  /s/ Thomas P. Sullivan
> Thomas P. Sullivan
> One of the Attorneys for Petitioner
>   Illinois Bar No. 2773112
> JENNER & BLOCK LLP
> 330 N. Wabash Avenue
> Chicago, IL 60611
> Tel.: (312) 222-9350
> Fax.: (312) 527-0484
> Email: tsullivan@jenner.com

# **<u>EXHIBIT A</u>**

Case 1:06-cv-01675-RBW    Document 7-2    Filed 12/04/2006    Page 1 of 2

## **Guantánamo Habeas Protective Orders Entered Post-DTA**

1. Al-Sopai v. Bush, 05-cv-01667 (D.D.C. Jan. 4, 2006) (Walton)
2. Khiali-Gul v. Bush, 05-cv-00877 (D.D.C. Jan. 6, 2006) (Robertson)
3. Bostan v. Bush, 05-cv-00883 (D.D.C. Jan. 9, 2006) (Walton)
4. Mohammad v. Bush, 05-cv-00879 (D.D.C. Jan. 9, 2006) (Walton)
5. Wahab v. Bush, 05-cv-00886 (D.D.C. Jan. 10. 2006) (Sullivan)
6. Labed Ahmed v. Bush, 05-cv-01234 (D.D.C. Mar. 21, 2006) (Sullivan)
7. Almerfedi v. Bush, 05-cv-01645 (D.D.C. Mar. 6, 2006) (Friedman)
8. Razakah v. Bush, 05-cv-02370 (D.D.C. Mar. 17, 2006) (Sullivan)
9. Thabid v. Bush, 05-cv-02398 (D.D.C. Mar. 21, 2006) (Huvelle)
10. Ahmed v. Bush, 05-cv-01234 (D.D.C. Mar. 21, 2006) (Sullivan)
11. Awad v. Bush, 05-cv-02379, (D.D.C. Apr. 11, 2006) (Robertson)
12. Al Shareef v. Bush, 05-cv-02458 (D.D.C. Apr. 12, 2006) (Roberts)
13. Alsaaei v. Bush, 05-cv-02369 (D.D.C. Apr. 12, 2006) (Roberts)
14. Said v. Bush, 05-cv-02384 (D.D.C. Apr. 12, 2006) (Roberts)
15. Zadran v. Bush, 05-cv-02367 (D.D.C. Apr. 12, 2006) (Roberts)
16. Al Salami v. Bush, 05-cv-02452 (D.D.C. Apr. 13, 2006) (Friedman)
17. Faizullah v. Bush, 05-cv-01489 (D.D.C. April 21, 2006) (Urbina)
18. Sohail v. Bush, 05-cv-00993 (D.D.C. April 21, 2006) (Urbina)
19. Al-Ghizzawi v. Bush, 05-cv-02378 (D.D.C. June 2, 2006) (Bates)
20. Amon v. Bush, 05-cv-01493 (D.D.C. June 12, 2006) (Walton)
21. Nasrullah v. Bush, 05-cv-00891 (D.D.C. June 12, 2006) (Walton)
22. Al-Khalaqi v. Bush, 05-cv-00999 (D.D.C. June 15, 2006) (Walton)
23. Mohammon v. Bush, 05-cv-02386 (D.D.C. June 27, 2006) (Walton)
24. Haleem v. Bush, 05-cv-02376 (D.D.C. June 30, 2006) (Walton)
25. Al Darby v. Bush, 05-cv-02371 (D.D.C. July 3, 2006) (Lamberth)
26. Al Harbi v. Bush, 05-cv-02479 (D.D.C. July 5, 2006) (Kennedy)
27. Qasim v. Bush, 05-cv-01779 (D.D.C. July 20, 2006) (Bates)
28. Muhibullah v. Bush, 05-cv-00884 (D.D.C. Aug. 1, 2006) (Collyer)
29. Nabil v. Bush, 05-cv-01504 (D.D.C. Aug. 1, 2006) (Collyer)
30. Aboassy v. Bush, 05-cv-00748 (D.D.C. Aug. 1, 2006) (Collyer)
31. Bacha v. Bush, 05-cv-02349 (D.D.C. Aug. 4, 2006) (Collyer)
32. Amin v. Bush, 05-cv-02336 (D.D.C. Sept. 18, 2006) (Friedman)
33. Razak v. Bush, 05-cv-01601 (D.D.C. Sept. 19, 2006) (Kessler)
34. Al Subaie v. Bush, 05-cv-02216 (D.D.C. Sept. 28, 2006) (Lamberth)
35. Al Wirghi v. Bush, 05-cv-01497 (D.D.C. Sept. 28, 2006) (Lamberth)
36. Al-Baidany v. Bush, 05-cv-02380 (D.D.C. Oct. 4, 2006) (Kollar-Kotelly)
37. Moosa v. Bush, 06-cv-01686 (D.D.C. Oct. 4, 2006) (Kollar-Kotelly)
38. Al Nakheelan v. Bush, No. 05-cv-02201 (D.D.C. Oct. 6, 2006) (Huvelle)
39. Kabir v. Bush, 05-cv-01704 (D.D.C. Oct. 11, 2006) (Robertson)
40. Lal v. Bush, 06-cv-01763 (D.D.C. Oct. 29, 2006) (Kollar-Kotelly)
41. Feghoul v. Bush, 06-cv-00618 (D.D.C. Oct. 31, 2006) (Roberts)
42. Saleh v. Bush, 06-cv-01765 (D.D.C. Nov. 17, 2006) (Kennedy)
43. Hentif v. Bush, 06-cv-01766 (D.D.C. Nov. 21, 2006) (Kennedy)